IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11278 c/w 98-10008
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMOTAYO TONY FABULJUE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-113-H-1
--------------------
January 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Omotayo Tony Fabuluje appeals his convictions for conspiracy to transport stolen merchandise in interstate commerce and for unlawfully procuring naturalization, violations of 18 U.S.C. §§ 371, 659, and 1425(a). Fabuluje also appeals the district court's order revoking his citizenship pursuant to 18 U.S.C. § 1451(e).

Fabuluje first argues that the Government withheld several items of evidence favorable to his defense. Brady v. Maryland, 373 U.S. 83 (1963) requires the Government to disclose material

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence favorable to the defendant.  A <u>Brady</u> violation occurs when the Government suppresses evidence "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  <u>Kyles v. Whitley</u>, 514 U.S. 419, 433-34 (1995)(quoting <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985)).  Assuming, <u>arguendo</u>, that the Government was in possession of all items allegedly withheld and that the Government failed to disclose such items to the defense, Fabuluje cannot show a reasonable probability that disclosure of such evidence would have made a difference in the result of the proceeding.  See <u>Kyles</u>, 514 U.S. at 433-34.  Nor do we find that Fabuluje has stated a claim under the Jencks Act.  See <u>United States v. Ramirez</u>, 174 F.3d 584, 587 (5th Cir. 1999).  Accordingly, we reject Fabuluje's first argument.

Fabuluje next argues that the prosecutor engaged in several instances of misconduct.  Because Fabuluje did not preserve error by objecting to the alleged instances of misconduct at trial, his claims are reviewed for plain error only.  See <u>United States v. Tomblin</u>, 46 F.3d 1369, 1386 (5th Cir. 1995).

Applying the two-step analysis to charges of prosecutorial misconduct, we first decide whether the prosecutor's comments were improper.  See <u>United States v. Gallardo-Trapero</u>, 185 F.3d 307, 320 (5th Cir. 1999).  If the comments are found to be improper, the court must assess whether they prejudiced Fabuluje's substantive rights. <u>Id</u>.

Several of Fabuluje's allegations of misconduct are based on the unsupported assertion that the prosecutor elicited perjurious

testimony. To establish a constitutional violation based on perjured testimony, the defendant must show that the prosecutor knowingly presented material false evidence, or that he deliberately failed to correct perjured testimony. Spence v. Johnson, 80 F.3d 989, 996-97 (5th Cir. 1996). Fabuluje provides this court with nothing to suggest that the prosecutor solicited the false testimony or knowingly failed to correct the testimony.

Nor has he established that various comments by the prosecutor were improper. Assuming, arguendo, that the prosecutor acted improperly by suggesting during closing argument that Fabuluje illegally assisted a friend in obtaining a chauffeur's license, Fabuluje has not shown that the comment prejudiced his substantive rights such that plain error resulted. See Gallardo-Trapero, 185 F.3d at 320.

Fabuluje also argues that the superseding indictment was defective because it improperly joined the conspiracy count with the unlawful-naturalization count. However, Fabuluje failed to move for a severance of the two counts prior to trial. Objections based on defects in the indictment as well as requests for severance of charges must be raised prior to trial. Fed. R. Crim. P. 12(b)(2); see United States v. Mann, 161 F.3d 840, 861. Failure by a party to make requests which must be made prior to trial shall constitute waiver thereof, but the court for cause shown may grant relief from that waiver. Fed. R. Crim. P. 12(f); Mann, 161 F.3d at 861-62. This court has held that where the appellant failed to show any cause for failing to move for a severance prior to trial, the merits of the argument need not

even be addressed.  <u>Mann</u>, 161 F.3d at 862 & n.60.  Alternatively, this court has limited review in such circumstances to plain-error review.  <u>Id</u>. at 862 & n.61.

Under the plain-error standard, this court corrects forfeited errors only where they are "clear" or "obvious" and "affect substantial rights."  <u>United States v. Clements</u>, 73 F.3d 1330, 1337 (5th Cir. 1996).  Fabuluje has not shown that joinder of the counts resulted in plain error.  <u>See</u> <u>id</u>.

Fabuluje also argues that even assuming that joinder was proper, his trial was "procedurally defaulted" because he should have been given a revocation hearing pursuant to 8 C.F.R. § 340.1 prior to criminal prosecution.  Section 340.1, which provides for the reopening of naturalization proceedings under certain circumstances, provides that after being served with a notice of intent to reopen the proceedings, the applicant may request a hearing.  Nowhere does it suggest that such hearing is a prerequisite to criminal prosecution under 18 U.S.C. § 1425.  Nor does § 1425 provide that a hearing must be held prior to the initiation of criminal proceedings.

Fabuluje next argues that the evidence was insufficient to support his conviction.  Fabuluje failed to renew his motion for a judgment of acquittal after the close of the case.  Accordingly, review of his claim is limited to whether the convictions resulted in a manifest miscarriage of justice.  <u>See</u> <u>United States v. Inocencio</u>, 40 F.3d 716, 724 (5th Cir. 1994).  Such a miscarriage would exist only if the record is devoid of evidence pointing to guilt, or because the evidence on a key

element of the offense is so tenuous that a conviction would be shocking. Id.

To establish Fabuluje's guilt, the Government must have proved beyond a reasonable doubt that (1) Fabuluje conspired with another person to steal chattels moving in interstate commerce and of a value in excess of $1000; (2) Fabuluje voluntarily agreed to the conspiracy; and (3) either Fabuluje or another member of the conspiracy committed an overt act to further the conspiracy. See 18 U.S.C. §§ 371, 659. The Government introduced 13 false bills of lading which a CF employee verified as corresponding to the items seized in California. Another CF employee testified that the bills of lading had "pro numbers" corresponding to the CF facility and section where Fabuluje worked. The Government provided testimony indicating that the signature on the false bills of lading was that of the same person who signed Fabuluje's time cards. The Government also provided testimony indicating that a set of false invoices was faxed from Fabuluje's home telephone to investigators in a failed attempt to legitimize the shipments. No manifest miscarriage of justice has been shown as to the sufficiency of the evidence to support the conspiracy conviction. See Inocencio, 40 F.3d at 724.

Fabuluje also argues that the evidence was insufficient to revoke his citizenship. As noted by the Government, the cancellation of Fabuluje's certificate of naturalization was the result of Fabuluje's conviction for illegally obtaining such. Fabuluje's argument is thus in reality a challenge to his

conviction under 18 U.S.C. § 1425, which forbids the knowing procurement of naturalization contrary to the law.

Fabuluje argues that the Government failed to prove knowledge and intent to conceal beyond a reasonable doubt. The Government proved knowledge by proving that Fabuluje was engaged in the conspiracy to steal merchandise from CF and by introducing evidence that Fabuluje falsely denied having knowingly committed any crime for which he had not been arrested in his application for naturalization. Intent to conceal is not an element of the offense. See § 1425. This argument is without merit.

Fabuluje challenges the trial court's jury instructions on several grounds. His first argument - that the instructions were not given in open court - is completely without merit. Similarly, his last argument - that he was entitled to attend the charge conference - has been rejected by this court. See United States v. Graves, 669 F.2d 964, 972 (5th Cir. 1982). With regard to Fabuluje's remaining challenges to the jury instruction - many of which are raised for the first time on appeal - we find no error, plain or otherwise, in the instruction.

Regarding sentencing, Fabuluje argues that the trial court impermissibly him accountable for the "full loss" of all shipments discovered to be fraudulent rather than only those shipments alleged in the indictment. Although the presentence report (PSR) found that the dollar amount of merchandise stolen totaled $749,554, the district court accepted a loss figure of only $390,499, which reflected only those shipments alleged in the indictment. Fabuluje also argues that the Government failed

to identify the underlying value of the alleged shipments; however, the value of the stolen shipments was determined based on documentation supplied by CF, and by comparison with prices charged by local stores for corresponding items.

Fabuluje's final argument is that the district court's order of restitution must be reversed because the "Declaration of Victim Losses" is "fictitious, bogus, and/or, fraudulent." Fabuluje objected to the PSR recommendation that restitution be imposed solely on the basis that he had no ability to pay. He did not object to the PSR's determination of the amount of restitution owed. Review is thus for plain error only. See United States v. Arce, 118 F.3d 335, 344 n.8 (5th Cir. 1997), cert. denied, 118 S. Ct. 705 (1998). Questions of fact that the sentencing court could have resolved upon proper objection at sentencing can never constitute plain error. Id.

The judgment of the district court is AFFIRMED. Fabuluje's motion to supplement the record on appeal is DENIED.

AFFIRMED; MOTION DENIED.